IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **LINDA JONES AND ERIC NORMAN,** | § § § | |
| **Plaintiffs,** | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| **ALLSTATE TEXAS LLOYD'S, INC.** | § § § | |
| **Defendant.** | § § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Allstate Fire and Casualty Insurance Company ("Allstate"), improperly named in the state court petition as Allstate Texas Lloyd's, Inc. and Allstate Indemnity Company, Defendant herein and in Cause No. 200181 pending in the 60th Judicial District Court of Jefferson County, Texas, files this Notice of Removal from that court to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.**
**BACKGROUND**

1. On or about June 6, 2017, Plaintiffs Linda Jones ("Jones") and Eric Norman ("Norman") filed Plaintiffs' Original Petition ("Petition") in the matter styled *Linda Jones and Eric Norman v. Allstate Texas Lloyd's, Inc.*, Cause No. 200181, pending in the 60th Judicial District Court of Jefferson County, Texas, in which Plaintiffs seek recovery under an

insurance policy issued by Allstate for bodily injuries resulting from a single vehicle accident that occurred on October 19, 2016.

2. Plaintiffs served Allstate with the Petition and process on June 9, 2017, by service upon Allstate's registered agent for service of process in Texas.

3. Simultaneously with the filing of this notice of removal and in accordance with 28 U.S.C. § 1446(a) and Local Rule CV-81(c), Allstate attaches:

| | |
|---|---|
| Exhibit A | Local Rule CV-81(c) Information |
| Exhibit B | Civil Cover Sheet |
| Exhibit C | Certified copy of state court docket sheet and copies of all process, pleadings, and orders served upon Allstate in the state court.[1] |

## II.
### BASIS FOR REMOVAL

4. Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a)(1), 1441(a), and 1446. Specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Allstate is diverse in citizenship from Plaintiff. Therefore, removal is proper in this case.

### A. The Amount in Controversy Exceeds the Sum of $75,000.

5. Here, the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a). In determining the amount in controversy when removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Under Texas Rule of Civil Procedure

---

[1] Allstate has requested certified copies of the docket sheet, all process, pleadings, and orders served upon Allstate in the state court and will supplement the record upon receipt.

47, Plaintiffs demand monetary relief of over $1,000,000[2] in their initial pleading, Ex. C (Pls.' Original Pet. ¶ 2.03, and there is no evidence or reason to believe that sum was "demanded in" anything other than "good faith," 28 U.S.C. § 1446(c)(2). By statute, therefore, the amount in controversy must be deemed to be at least $1,000,000 (and therefore to exceed $75,000). *See S. Austin Pharmacy, LLC v. Pharmacists Mut. Ins. Co.*, A-15-CV-0271LY-ML, 2015 WL 2445969, at *1 (W.D. Tex. May 19, 2015) (where plaintiff's complaint demanded "monetary relief over $1,000,000," removal was proper under diversity jurisdiction); *see also Short v. Dolgencorp of Tex., Inc.*, No. 6:15-CV-270, 2015 WL 11109835, at *2 (E.D. Tex. Nov. 3, 2015) (where plaintiff's original petition demanded "over $200,000.00 but not more than $1,000,000.00," amount in controversy exceeded $75,000).

6.  Additionally, and in the alternative, the allegations of the complaint, the nature of the causes of action asserted, and the history of Plaintiffs' insurance claims additionally support a conclusion that the amount in controversy exceeds $75,000.

7.  In determining the amount in controversy, the Court may consider "policy limits and potential attorney's fees, . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); TEX. INS. CODE § 541.152(a)(1) (stating that a prevailing plaintiff under the

---

[2] Plaintiffs allege that "Pursuant to recently amended Rule 47, Plaintiff [sic] now pleads that this is a (5) case, although Plaintiff reserves the right to amend this designation depending upon Plaintiff's continuing medical treatment." Pls.' Original Pet. ¶ 2.03. Texas Rule of Civil Procedure 47 requires that an original pleading setting forth a claim for relief must contain a statement of the damages the party seeks. Rule 47(c)(5) states that the party seeks "monetary relief over $1,000,000."

statute may collect attorney's fees); *see also Ray v. State Farm Lloyds*, No. CIV A. 3:98-CV-1288-G, 1999 WL 151667, at *2–3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination).

8. Plaintiffs allege breach of contract and violations of the Texas Insurance Code based on Allstate's handling of their claims for uninsured/underinsured motorist benefits under the Allstate policy issued to Jones. Ex. C (Pls.' Original Pet. ¶ 4.01). Plaintiffs also seek recovery for fraud in the amount of "$10,000 or actual damages, whichever is greater" and exemplary damages. (*Id.* ¶ 5.02A.) In addition to the fraud damages, Plaintiffs state that their damages include: reasonable and necessary costs of medical care and treatment in the past and future (*id.* ¶¶ 7.031, 9.012), lost wages and lost earning capacity, past and future (*id.* ¶ 9.013), physical pain and suffering, past and future (*id.* ¶¶ 7.032, 9.014), mental anguish, past and future (*id.* ¶¶ 7.033, 9.015), physical impairment, past and future (*id.* ¶¶ 7.034, 9.016), attorney's fees (*id.* ¶¶ 7.035, 9.20), statutory damages (*id.* ¶ 7.036), and exemplary damages (*id.* ¶¶ 7.04, 9.018). The policy limits for uninsured/underinsured motorist coverage under Jones's Allstate policy are $50,000 per person/$100,000 per accident.

9. Federal courts have routinely found the required amount in controversy for diversity jurisdiction based on a similar analysis. *See, e.g.*, *Burlington Ins. Co. v. Valencia Co.*, 200 F.R.D. 283, 284 (E.D. Tex. 2001) (considering claim for attorney's fees and costs as

well as potential statutory remedies under the Texas DTPA and Texas Insurance Code, including treble damages, in determining that amount in controversy will reasonably meet the jurisdictional minimum even though insurance coverage at issue was only $50,000); *Fairmont Travel*, 75 F. Supp. 2d at 668 (considering DTPA claims and the potential recovery of punitive damages for the amount in controversy determination); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 594–96 (E.D. Tex. 1996) (considering claims for Insurance Code and DTPA violations, breach of the duty of good faith and fair dealing, fraud, and negligence in finding required amount in controversy because they would have allowed statutory trebling of damages, exemplary damages, and attorney's fees); *Regency Plastics—El Paso, Inc. v. Nat'l Prods., Ltd.*, No. EP-09-CV-292-KC, 2010 WL 743935, at *7 (W.D. Tex. Mar. 3, 2010) (including expected recovery of attorney's fees in the event of plaintiff's recovery for breach of contract in finding the required amount in controversy).  Thus, as Plaintiffs' claims easily exceed the $75,000 jurisdictional limit, the amount in controversy requirement is satisfied.

   **B.** **Complete Diversity Exists Between the Parties.**

  10. Plaintiffs' citizenship is diverse from Allstate's citizenship, the defendant in this case.  Therefore, complete diversity of citizenship exists between the parties.

  11. Upon information and belief, Plaintiffs were, at the time they filed their Petition, and continue to be citizens of the state of Texas.

  12. At the time Plaintiffs filed their Petition, Allstate was and, as of the date of filing this Notice, remains a foreign entity with its principal place of business in Illinois.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

13. Allstate was first served with Plaintiffs' Original Petition and process on June 9, 2017. Consistent with 28 U.S.C. § 1446(b)(1), this notice of removal is timely filed by Allstate within 30 days after service of the state court lawsuit. Further, at the time this removal was filed, it was less than one year since the commencement of the suit.

14. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action is currently pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

15. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state court action are attached to this Notice collectively as Exhibit C.[3]

16. Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this notice of removal, Allstate will give written notice of the filing to Plaintiffs, the adverse parties.

17. Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this notice of removal, Allstate will also file a true and correct copy of this notice of removal with the 60th Judicial District Court of Jefferson County, Texas.

## IV.
### CONCLUSION

18. Based upon the foregoing, the exhibits submitted in support of this notice of removal, and other documents filed contemporaneously with this notice of removal and fully incorporated herein by reference, Defendant Allstate Fire and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

---

[3] *See supra* at note 1.

Respectfully submitted,

By: /s/ Ronald J. Restrepo
　　Ronald J. Restrepo
　　Federal ID No. 920
　　State Bar No. 16791300
　　rrestrepo@drhrlaw.com

**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138  Facsimile

*Attorney in Charge for Defendant,*
*Allstate Fire and Casualty Insurance Company*

**Of Counsel:**

Sarah J. Allen
State Bar No. 24064810
Federal I.D. No. 1743269
sallen@drhrlaw.com
**DOYLE, RESTREPO, HARVIN & ROBBINS, LLP**
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138  Facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Notice of Removal was served on all counsel of record listed below via electronic service and/or facsimile on June 23, 2017.

      Gilbert T. Adams, III
      GILBERT ADAMS LAW OFFICES
      P.O. Drawer 3688
      Beaumont, Texas 77704
      (409) 835-3000 Telephone
      (409) 832-6162 Facsimile

      ***Counsel for Plaintiffs Linda Jones***
      ***and Eric Norman***

                            */s/ Sarah J. Allen*
                             Sarah J. Allen