## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **LINDA JONES AND ERIC NORMAN** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION 1:17-CV-274-RC** |
| | § | |
| | § | **JUDGE RON CLARK** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S, INC.** | § | **VSL** |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Plaintiffs, **LINDA JONES and ERIC NORMAN**, hereinafter referred to as Plaintiffs, complaining of and about **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** (which according to Defendant was misnamed as **ALLSTATE TEXAS LLOYD'S, INC.**) which are sometimes collectively referred to as "**ALLSTATE**" and also complaining of Defendant, **ADRIAN WILLIAMS**, hereinafter sometimes collectively referred to as Defendants, and in support hereof would show unto the Court as follows:

**1.00   PARTIES**

1.01   Plaintiffs are resident citizens of Jefferson County, Texas and have been at all material times.

1.02   Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** is an insurance company permitted to do and is doing business in the State of Texas for the purpose of accumulating monetary profits; said has answered, appeared and is properly before this Honorable Court.

1.03   Defendant, **ADRIAN WILLIAMS,** is an individual Defendant residing at 3147 Allison Avenue, Groves, Texas 77619 where she can be served with summons and this First Amended Complaint.

1

**2.00   JURISDICTION AND VENUE**

2.01   Damages in this personal injury case, exclusive of interest and costs, exceed the minimum jurisdictional limits of this court.

2.02   Venue is proper in Jefferson County, Texas based on § 15.002 the Texas Civil Practice & Remedies Code as it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.   Further, Jefferson County, Texas is the county where Defendant resided at the time of the collision and all material times since.

2.03   Jurisdiction is proper in the State of Texas district court.

2.04   Jurisdiction does not exist in United States District Court because complete diversity of citizenship between all Plaintiffs and all Defendants does not and never has existed. Specifically, both Plaintiffs and the Defendant, **ADRIAN WILLIAMS**, are resident citizens of the State of Texas and have been at all material times.   Further, because Defendant, **ADRIAN WILLIAMS**, is a local defendant or citizen of the State of Texas.

**3.00   STATEMENT OF FACTS**

3.01   This suit is necessary to collect a legal debt and damages due and owing your Plaintiffs arising from an automobile wreck that occurred on or about October 19, 2016 in Beaumont, Jefferson County, Texas.   Both Plaintiffs were passengers in the one automobile collision which was being driven by Defendant, **ADRIAN WILLIAMS**.

3.02   The driver of the automobile on the date in question was Defendant, **ADRIAN WILLIAMS**, who was driving a 2006 Red Kia Spectra.   Defendant, **ADRIAN WILLIAMS**, was a permissive driver of the said automobile.

3.03   Defendant, **ADRIAN WILLIAMS**, lost control over the 2006 Red Kia Spectra and collided into a sign totaling the car and causing serious injuries and damages to the Plaintiffs.

3.04    Plaintiff, Linda Jones, is a named insured of the insurance policy with Defendant, **ALLSTATE**, upon which this suit is based assigned policy number 838110735 insured the subject automobile by the Defendant, which included uninsured and underinsured motorist insurance coverage.  Because Defendant, **ADRIAN WILLIAMS**, was a permissive user of the automobile, she is an insured driver of the automobile and of the Defendant insurance company.

3.02    On the occasion in question, Plaintiffs were injured when the automobile she was a passenger in which was being operated by Adrian Williams.  The driver, Adrian Williams, was not paying attention and left the roadway and thereafter striking a road sign.   Defendant, **ADRIAN WILLIAMS**, was cited for failing to control her speed in causing the collision.

**4.00    UNDERINSURED MOTORIST CLAIM, BREACH OF CONTRACT AND VIOLATION OF INSURANCE CODE**

4.01    All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word. Your Plaintiff would show that at the time of the occurrence, the other Defendants referenced herein were under-insured.  To protect herself from such events, Plaintiff, Linda Jones, purchased Uninsured/Underinsured motorist protection form Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.**  By and through her attorney on or about October 24, 2016, Plaintiffs notified Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, that they were making a claims under the policy.  Defendant set up and published to the Plaintiffs the claim number of 0433089786.  A copy of the police incident report demonstrating the police officer's opinion that at least one of the drivers was negligent in causing the collision was provided to Defendant.  Indeed, payments were made by the Defendant to or for the benefit of both Plaintiffs – to the undersigned Plaintiffs' counsel - pursuant to the Personal Injury Protection provisions of the insurance policy.  These payments were made prior to Defendant's attempt to secure from Plaintiff, **ERIC NORMAN**, a release despite that it never received any notice or indication that the

representation had ceased. Defendant has admitted that both Plaintiffs were injured by an uninsured motorist when they made offers of settlement to both pursuant to the UM/UIM provisions of the insurance contract.

4.02 On two separate occasions, Defendant wrote to Plaintiffs' undersigned lawyer acknowledging that Plaintiffs' undersigned lawyer represented Plaintiff, **ERIC NORMAN**, before Defendant contacted and attempted to settle the claims of Plaintiff, **ERIC NORMAN**. If Defendant was confused, it could have simply picked up the phone and called Plaintiff's counsel, which it did not do. Despite this notice and knowledge, Defendant illegally and unethically approached Plaintiff wherein Defendant attempted to settle Plaintiff's claims, giving him multiple checks. At that time, again Defendant was notified that he was represented by counsel and even inquired if counsel needed to be notified at which time Defendant denied the same.

4.03 Specifically, on or about October 23, 2017, Defendant wrote to the undersigned a letter regarding Plaintiff, **ERIC NORMAN**, stating "Important Information Regarding Your Client's Bodily Injury Claim." The following day, a similar letter was written to the undersigned stating in part "Your client's Personal Injury Protection Claim 0433089786." Again on December 12, 2016, Defendant wrote a letter regarding the undersigned's "client: Eric Norman" stating that it had received medical bills for treatment following the collision.

4.04 It is the policy, custom and standard of the Defendant insurance company to refrain from communicating with a claimant or even its own insured when they are represented by counsel. Indeed, on many occasions, the Defendant refuses to speak to claimants formerly represented by counsel until such time as a letter to that effect is provided by the lawyer to Defendant. At no time was any such letter or communication provided to Defendant by or on behalf of Plaintiffs' counsel.

4.04 By letter dated April 18, 2017, demand was made upon Defendant to settle the

claims of the Plaintiffs at which time all of Plaintiffs' medical bills and medical expenses incurred as a result of the collision were provided to Defendant. Defendant responded with an offer which was less than ten (10) percent of the medical expenses of Plaintiff, Linda Jones. Defendant further responded and notified counsel for the first time that it "had settled" the claims of Eric Norman, indicating that it required Mr. Norman to sign a release.

4.05   By letter dated May 11, 2017, Plaintiffs' counsel notified Defendant that the offer made to Linda Jones was rejected.

4.06   By the same letter dated May 11, 2017, Plaintiff's counsel reminded Defendant (as it had previously acknowledged) that the undersigned firm represented Plaintiff, **ERIC NORMAN,** and that representation had never ceased. The release Defendant alleges Eric Norman signed was requested to be produced; however, Defendant in all things refused. Since this time, Plaintiffs' counsel have heard nothing from Defendant, necessitating the filing of this suit.

4.07   Demand was further made that Defendant acknowledge the release be set aside and/or rescinded, which is hereby asserted. Plaintiffs' counsel notified Defendant any release was procured by mistake, fraud, deceit, illegally and tortuously conduct on the part of the Defendant, which is hereby asserted. Any Release obtained while the tort victim is represented by counsel is void and should not before enforced as against public policy. Any release should be set aside and/or not enforced because it was obtained by fraud, mistake and/or duress. It would be unconscionable to enforce any release. Defendant's own policies and/or procedures do not permit its employees from obtaining any release while the claimant is represented by counsel. For these reasons and any others discovered, the release should be rescinded, set aside, not enforced and/or declared void or voidable.

4.08   Defendant has breached its contract and/or failed to provide policy benefits

required by the contract, despite it's acknowledgement that Plaintiffs were passengers, Plaintiffs were injured, Plaintiffs incurred medical bills (as acknowledged by the previous PIP payments), Plaintiffs were damaged (as evidenced by the offers of settlement), that the automobile collision was a one-car collision in which Plaintiffs were passengers and that the driver was uninsured.

4.09   All conditions precedent to the filing of this suit have been met, including Plaintiffs' claims for attorneys fees.

## 5.00   **NEGLIGENCE AND GROSS NEGLIGENCE**

5.01   All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

5.02   In particular, it is believed that on the occasion in question, the uninsured Defendant driver, **ADRIAN WILLIAMS**, failed to exercise the degree of care that a reasonable and prudent person would have in at least the following particulars:

    5.021   In failing to yield to the other's right of way;

    5.022   In failing to keep a proper look out;

    5.023   In failing to maintain proper control of her vehicle;

    5.024   In driving her vehicle in a reckless and unsafe manner;

    5.025   In failing to keep such a lookout as a person using ordinary care would have kept;

    5.026   In failing to use the care of a reasonable prudent person in the operation of a vehicle;

    5.027   In failing to make a proper application of the brakes of her vehicle;

    5.028   In failing to turn her vehicle in order to avoid a collision;

    5.029   In causing this collision and the Plaintiff's serious injuries and damages; and

    5.030   Such other and further acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

5.03   In addition to common law negligence, the uninsured driver also violated certain provisions of the Texas Transportation Code and Texas Driver's Handbook published by the Texas Department of Public Safety constituting negligence per se, which includes but is not limited to the following:

Reckless driving (Tex. Transp. Code Ann. §545.401).

5.04   The above acts, omissions, and mental attitude were singularly and/or severally a proximate cause of the injuries and damages sustained by your Plaintiffs.

## 5.00A   FRAUD, STATUTORY FRAUD AND FRAUD ASSERTION OF LIEN

5.01A All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

5.02A Claims are brought against Defendant for violation of Chapter 12 of the Tex.Civ.Prac.&Rem.Code.  Defendant's agents and representatives sought to and apparently did procure by fraud and/or mistake a release of claims against Defendants asserting that various medical providers had liens on the recovery of Eric Norman.   Thereafter, Defendant sought paid a lienholder, and further paid other medical providers who were not lienholders and/or had no lien on the proceeds from the claim.  Defendant did not seek or request any reduction of any of those amounts, despite its knowledge that the same is customarily done requiring that Plaintiff pay additional monies than he otherwise would have.  Plaintiff, **ERIC NORMAN**, was damaged by the conduct of Defendant referenced herein.  Plaintiffs seek recovery of statutory damages of $10,000.00 or actual damages, whichever is greater, attorneys fees and "exemplary damages in an amount determined by the Court."  Defendant's agents and representatives asserted that it was not necessary that Plaintiff's counsel be notified or involved, when he asked them.  Said agents and/or representatives represented to Plaintiffs that these payments were "necessary" to pay Plaintiff's medical care providers represented as lienholders.

**6.00   DECLARATORY JUDGMENT**

6.01   All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

6.02   By notice letter, Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, was provided notice that a claim for Underinsured Motorist ("UIM") benefits was being made by Plaintiffs.  Defendant knew that Plaintiffs were passengers and the driver was uninsured.

6.03   Plaintiffs bring this action against Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code which specifically provides that this Court has jurisdiction to "declare rights, status and other legal relation for which Plaintiffs now sue, including but not limited to a declaration that a claim has been established under the policy and that all prerequisites to rights under the policy referenced hereinabove have been met.

6.04   Plaintiffs seek declaration that any release – refused to be produced by Defendant – be set aside on the basis of mistake, fraud, deceit, negligence and/or other illegal violations.

6.05   Plaintiffs seek recovery of reasonable and necessary attorneys fees pursuant to the declaratory judgment statute and have previously presented their claim, including by letter dated November 19, 2015.

6.06   Plaintiffs seek a declaratory judgment of statutory violations of Chapter 12 of the Texas Civil Practice & Remedies Code.

**7.00   DAMAGES**

**7**.01   As a producing and proximate result of the Defendant's tortious acts, the Plaintiffs sustained severe and disabling injuries to their body generally.  Due to the nature and severity of injuries, Plaintiffs have been required to seek medical treatment and physical therapy.

Plaintiff has been required to pay and incur liability to pay the charges which have been made for such medical services. In the future, it is reasonably probable that Plaintiff will probably require additional medical care, treatment and procedures and will be required to pay and incur liability to pay the charges which will be made for such services. The charges which have been made and which will be made for such services rendered to the Plaintiffs have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered. All of such services, both past and future, have been and will be necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of the occurrence made the basis of this suit.

7.02    All of the above damages suffered by the Plaintiff is the proximate or producing results of the acts and/or omissions of the Defendant complained of in this Petition and are in excess of the jurisdictional limits of this Court.

7.03    Your Plaintiffs have sustained compensatory damages as a producing and/or proximate cause in at least the following particulars, which are expected and in all reasonable probability will continue into the future:

> 7.031   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;
>
> 7.032   Physical pain and suffering;
>
> 7.033   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injures have had on his life, and that they will probably have on the remainder of his life, including the anxiety of diminished life enjoyment and freedom of movement, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will probably be necessary to properly treat the Plaintiff; and
>
> 7.034   Physical impairment.
>
> 7.035   Attorneys fees;

      7.036   Statutory damages

      7.037   Exemplary damages

7.04   Defendant's conduct gives rise to exemplary damages in an amount allowable by the applicable laws and statutes.

7.05   If your Plaintiff were suffering from any pre-existing disease or condition which could be said to have contributed to the injuries and damages herein alleged, they were not disabling until aggravated, excited and otherwise caused a flare-up as a natural consequence of the incident made the basis of this litigation.

## 8.00   RIGHT TO AMEND

8.01   Plaintiff hereby expressly reserves the right to amend their pleadings to conform to the evidence.

## 9.00   PRAYER

9.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff request that the Defendant be cited to appear and answer herein and that on a final trial hereof, Plaintiff have judgment against the Defendant for an amount in excess of the minimum jurisdictional limits of this Court as compensation for your Plaintiff's damages, to be determined by the trier of fact, including:

      9.011   Actual damages as pleaded;

      9.012   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

      9.013   Lost wages and loss of earning capacity, past and future;

      9.014   Physical pain and suffering, past and future;

      9.015   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injuries have had on the Plaintiff's life, and that she will probably have on the remainder of the Plaintiff's life, including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconvenience, humiliation

and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the Plaintiff in the future;

9.016   Physical impairment, past and future;

9.017   Pre-judgment and post-judgment interest in the highest amounts allowed by law;

9.018   Exemplary damages;

9.019   Costs of Court;

9.020   Attorneys fees;

9.021   Rescission of any release;

9.022   Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## 10.00   **REQUEST FOR JURY TRIAL**

10.01   It is requested, pursuant to Rule 216 of the Texas Rules of Civil Procedure, that this matter be tried before a jury.  An appropriate jury fee has been submitted.

## 11.00   **REQUEST FOR DISCLOSURE AND USE OF DOCUMENTS**

11.01   Plaintiff hereby requests that Defendant timely and fully comply with Rule 194(a)-(l) and make all supplements as soon as reasonably practicable.  Further, Plaintiff hereby places Defendant on notice that any documents marked as exhibits to depositions and/or produced by Defendant herein will be used in pre-trial and/or trial proceedings.

## 12.00   **DESIGNATION OF LEAD COUNSEL**

12.01   Pursuant to Rule 8, of the Texas Rules of Civil Procedure, Gilbert T. Adams, III, of Gilbert Adams Law Offices, is designated as the attorney in charge for the Plaintiff in all matters relating to these claims.

Respectfully submitted,

GILBERT ADAMS LAW OFFICES
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas 77704
Phone (409) 835-3000
Fax (409) 832-6162

**GILBERT T. ADAMS, III**
State Bar No. 00790201
gilbert@gta-law.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served pursuant to Federal Rule of Civil Procedure 21a, on all counsel of record on this the 29th day of June, 2017.

GILBERT T. ADAMS, III